Davis, J.
The petition in this case contains an averment that the defendant so negligently and unskillfully ran one of its cars at a dangerous rate of speed, by omitting to- keep a proper lookout,. by omitting proper signals and by omitting to apply brakes to check the speed of the car, that the car struck the plaintiff’s decedent, without any fault or negligence on her part, so forcibly and violently that she was thereby killed. Excepting the allegation of corporate capacity and proprietorship and the allegation that the deceased sustained injuries which caused her death on the date alleged, the defendant' denied each and every allegation contained in the plaintiff’s petition. There was, therefore, no issue of contributory negligence 'in the pleadings; and in a careful reading of the evidence in the bill of exceptions we have not been able to discover any attempt on the part of the defendant to prove contributory negligence. The defense was apparently conducted on the theory that the death of this little girl resulted from an accident pure and simple; that the defendant was guilty of no actionable negligence in operating the car; and that under the circumstances the injuries to the deceased could not have been avoided. Whether or not this defense was made good on the trial does not concern us now. It is enough for our present purpose that there was no claim of contributory negligence asserted in the pleadings or in the evidence.
The defense of contributory negligence is inconsistent with a defense entirely upon the ground that the defendant was guilty of no negligence whatever; because the very definition of contribu *179 tory negligence implies that there was some negligence on the part of the defendant. It is not necessary to say more upon- this aspect of the case, since the. recent opinion of this court in Cincinnati Traction Co. v. Forrest, 73 Ohio St., 1.
The trial court, almost at the beginning of the charge to the jury, said: “The action, therefore, is one of negligence, and the issue raised is one charging the defendant traction company with negligence, and, on the other hand, charging the deceased child with contributory negligence.” This was a misstatement of the issues and of itself was liable to mislead the jury. But it was followed by an elaborate discussion of the doctrine of contributory negligence, making that the chief feature of the case; and this was finally emphasized by the following instruction: “The burden of proving contributory negligence on the part of the child is upon the defendant, the trac-i tion company, to establish the same by a pre-. ponderance of the evidence.” Under such a charge, what would be more natural than for the jury to conclude, when it found no evidence whatever of contributory negligence and no insistence upon such a defense, that the defendant had failed in its defense, and that the plaintiff’s claim had been made out. In this respect we regard the charge to the jury as irrelevant, prejudicial and misleading.
During the trial the plaintiff, who is the father of the deceased, testified to the health, mental condition and age of the deceased and that she helped her mother in washing dishes, running errands and going to the grocery. He also testified that he himself was a common laborer, earning from *180 one dollar and a half to one dollar and ■ seventy-five cents a day. He was then permitted, over the objection of defendant, to testify as to what he would say the services of the deceased were worth to him and his family at the time of her death, and how much she would probably have been worth to him and his wife, and her sisters and brothers, for the next two or three years after her death, had she lived; and also as to what she would have been worth per week to him and his wife, and to her brothers and sisters, from the time that she was fourteen or fifteen years of age until she was eighteen years of age. It was error to permit the plaintiff to give his opinion as to the probable value of his child’s services to him and his family; because the value of her services was one of the things to be determined by the jury from the facts in evidence, in arriving at the amount of damages, and because the opinion of a witness is not a fact. It was ruled by this court in Cincinnati Street Railway Co. v. Altemeier, 60 Ohio St., 10, that the pecuniary injury to the survivors must be determined by the jury from the evidence and not by guess. The case neither called for expert testimony to aid the jury, nor did the plaintiff qualify or offer his tesr timony as an expert.
Also during the trial one Julia Nicholson was sworn as a witness on behalf of the plaintiff, and testified, on her examination in chief, that she did not see the deceased at the moment when she was struck by the car, but that when she last saw the deceased before she was stiuick, she was standing at the crossing in the street about two or three feet from the track and looking straight *181 across the street. On cross-examination the witness was shown a written statement purporting to have been made by her on the day after the accident, and she admitted that it had been written as she had related the circumstances; and that it was first read over to her in the presence of her mother, after which she signed it. The paper contained this statement: “And there was an eastbound car which had just passed, and this little girl in the rear of me did not notice the westbound car which was coming along, and sha started to run across the street, and as the car was almost in the act of' passing her at the time that she attempted to cross the street, and she run right into the front right-hand. corner of the car and was thrown to the street and had, her legs badly hurt. The car was about ten feet away when the little girl ran off the pavement.” On re-direct examination, the witness said that she was a witness before the coroner on December 27th, which was four days after the accident and three days after she had signed the written statement. She was then asked whether she had testified before the coroner that the deceased was standing near the track waiting to go over when the west-bound car came along and struck her. This question was objected to by the counsel for the defendant. The objection was overruled and the witness answered that she did make the same statement before the coroner. This is assigned as error.
The statements of the witness on the trial and the statements made in the paper which she admitted she had signed, knowing its contents, are flatly contradictory. "To this extent her credi *182 bility was impeached. It could not tend to rehabilitate the damaged reputation of the witness for veracity, in any degree, to show that the witness had repeated a hundred times the later story which she now gave on the trial. The contradiction still would remain, and it would remain unexplained, notwithstanding the fact of repetition. Under the circumstances of this case, the .making of the inconsistent statements being admitted by the witness, proof of prior statements consistent with the statement of the witness on the trial, for the purpose of corroborating and sustaining the credit of the witness, is irrelevant; because it would not prove the truthfulness of the witness, nor the reliability of her recollection, nor that there was no inconsistency between the two statements. 1 Greenl. Ev., 16th Ed., Section 469ft.

Judgment reversed.

Shauck, C. J., Price, Crew, Summers and Spear, JJ., concur.